IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE GLEN SCHMIDT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1940-L |
| | § | |
| U.S. MARSHALS SERVICE | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## <u>UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Lonnie Glen Schmidt, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed as duplicative.

I.

On January 23, 2003, petitioner was found in contempt of court by a federal district judge in the Northern District of Texas for failing to turn over assets to a court-appointed receiver and for failing to appear at a show cause hearing. The order of contempt provides, in pertinent part:

> Lonnie Glenn Schmidt shall be remanded into the custody of the United States Marshal and taken to the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas and there remain incarcerated until such time as he turns over to the Receiver the sum of $282,405 as required by the Order Re: Petition No. 14 or otherwise provides evidence of the disposition of such funds and insufficient assets to comply with Order Re: Petition No. 14.

*See SEC v. Resource Development Int'l, LLC*, No. 3-02-CV-0605-R, or. at 3-4 (N.D. Tex. Jan. 23, 2003). On July 7, 2005, more than two years after the contempt order was issued, petitioner was

arrested by United States marshals in Fresno, California. He was subsequently transported to a federal detention center in the Northern District of Texas where he remains incarcerated.

Petitioner has filed three different federal writs challenging the validity of his arrest in another district, the authority of the judge to enforce his contempt order, and the denial of his constitutional right to an arraignment and reasonable bail. The first case was summarily dismissed as frivolous. *Schmidt v. Joslin*, No. 3-05-CV-1449-P (N.D. Tex. Jul. 29, 2005), *rec. adopted by* Order, 8/11/05. The second case was dismissed on res judicata grounds. *Schmidt v. Joslin*, No. 3-06-CV-0731-B, 2006 WL 1499773 (N.D. Tex. May 31, 2006). Dissatisfied with those decisions, petitioner filed a third application for writ of habeas corpus in the United States District Court for the District of Columbia. *Schmidt v. U.S. Marshals Service*, No. 06-1168(RBW). That case was transferred to this district and referred to the magistrate judge for initial screening.

## II.

The claims asserted by petitioner in the instant case mirror those alleged in his prior writs: (1) he was arrested without a warrant or probable cause; (2) he was not informed of his *Miranda* rights; and (2) he was denied a formal arraignment, reasonable bail, and an extradition hearing before being removed from California to Texas.

## A.

A district court may dismiss a complaint filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon

factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003) (Kaplan, J.) (citing cases) (dismissing section 2254 habeas petition as duplicative where another writ raising the same claims was pending before another judge).

B.

This is the *third time* petitioner has challenged his arrest and incarceration in a section 2241 habeas proceeding. Two prior writs raising the same claims were dismissed as frivolous. Consequently, this action should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *Id.*; *see also Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be summarily dismissed as duplicative.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2006.

*signature*
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE